UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

**DAVID BLANDING**,

Plaintiff,

- against -

**DANIEL F. MARTUSCELLO** III, Commissioner of the New York State Department of Corrections and Community Supervision; **CAROL MOORES,** Deputy Commissioner and Chief Medical Officer; **SUSANNA NAYSHULER,** Regional Health Services Administrator; **MARK MILLER,** Superintendent of Green Haven Correctional Facility; **TARA JOAN,** Deputy Superintendent of Health Services; **JOHN T. HAMMER,** Facility Health Services Director of Green Haven Correctional Facility; and **CHINYERE OGHIDE,** Medical Provider at Green Haven Correctional Facility,

Defendants.

26-CV-4999 (LAK) (KHP)

**ANSWER**

Defendants Daniel F. Martuscello III, Carol Moores, Susanna Nayshuler, Mark Miller, Tara Joan, John T. Hammer, and Chinyere Oghide ("Defendants"), by their attorney LETITIA JAMES, Attorney General of the State of New York, hereby answer the Complaint by Plaintiff, David Blanding, filed on June 12, 2026 (Docket No. 1), as follows:

## PRELIMINARY STATEMENT[1]

1. Defendants admit that Plaintiff purports to state his medical aliments but deny any allegations of wrongdoing in Paragraph 1.

2. Defendants deny the allegations in Paragraph 2.

3. Defendants deny the allegations in Paragraph 3.

4. Defendants deny the allegations in Paragraph 4.

[1] For the reader's ease of reference, this Answer incorporates the headings or titles within the Complaint. However, insofar as any of these headings or titles can be read to allege any facts or legal conclusions, Defendants hereby deny them.

5. Defendants deny the allegations in Paragraph 5.

6. No response is required to Paragraph 6. To the extent a response is necessary, Defendants deny any allegations of wrongdoing in Paragraph 6.

**JURISDICTION AND VENUE**

7. No response is required to Paragraph 7. To the extent a response is necessary, Defendants deny the allegations set forth in Paragraph 7 of the Complaint, except admit that Plaintiff purports to bring this claim pursuant to 42 U.S.C. § 1983.

8. No response is required to Paragraph 8. To the extent a response is necessary, Defendants deny the allegations set forth in Paragraph 8 of the Complaint, except admit that Plaintiff purports that venue is properly laid, as a substantial part of the events alleged herein occurred within this district.

9. No response is required to Paragraph 9. To the extent a response is necessary, Defendants admit that Plaintiff purports a claim for injunctive relief, authorized by Federal Rule of Civil Procedure 65, 18 U.S.C. § 3626(a).

**PARTIES**

10. Defendants admit that Plaintiff is incarcerated in custody of DOCCS, but otherwise deny the allegations in Paragraph 10.

11. Defendants admit that Defendant Martuscello is the Commissioner of the New York State of New York Department of Corrections and Community Supervision ("DOCCS"); Defendants further admit that Plaintiff purports to sue Commissioner Martuscello in his official capacity. Defendants otherwise deny the allegations in Paragraph 11.

12. Defendants admit that Defendant Moores is a physician and Deputy Commissioner and Chief Medical Officer of DOCCS, and that Plaintiff purports to sue Dr. Moores in her official

capacity; Defendants otherwise deny the allegations in Paragraph 12.

13. Defendants admit that Defendant Nayshuler is a Regional Health Services Administrator for DOCCS' Division of Health Services covering Green Haven Correctional Facility ("Green Haven"), and that Plaintiff purports to sue Ms. Nayshuler in her official capacity; Defendants otherwise deny the allegations in Paragraph 13.

14. Defendants admit that Plaintiff purports to sue Defendant Miller in his official capacity; Defendants otherwise deny the allegations in Paragraph 14.

15. Defendants admit that Defendant Joan is currently the Acting Facility Health Services Director and Acting Deputy Superintendent of Health Services for Green Haven, and that Plaintiff purports to sue Ms. Joan in her official capacity; Defendants otherwise deny the allegations in Paragraph 15.

16. Defendants admit that Defendant Hammer is a physician and the Facility Health Services Director of Green Haven, and that Plaintiff purports to sue Dr. Hammer in his official capacity; Defendants otherwise deny the allegations in Paragraph 16.

17. Defendants admit that Defendant Oghide is a Nurse Practitioner, and that Plaintiff purports to sue Ms. Oghide in his official capacity; Defendants otherwise deny the allegations in Paragraph 17.

**FACTUAL ALLEGATIONS**

18. Defendants admit that Plaintiff is a 61-year-old man, except deny any allegations of wrongdoing in Paragraph 18.

19. Defendants admit that Plaintiff purports to state his medical ailments, but deny any allegations of wrongdoing in Paragraph 19.

20. Defendants deny the allegations in Paragraph 20.

21. Defendants deny the allegations in Paragraph 21.

22. Defendants deny the allegations in Paragraph 22.

23. Defendants admit that Plaintiff purports to state when he first learned of his bladder carcinoma diagnosis but deny any allegations of wrongdoing in Paragraph 23.

24. Defendants deny the allegations in Paragraph 24.

25. Defendants deny the allegations in Paragraph 25.

26. Defendants deny the allegations in Paragraph 26.

27. Defendants deny the allegations in Paragraph 27.

28. Defendants deny the allegations in Paragraph 28.

29. Defendants deny the allegations in Paragraph 29.

30. Defendants deny the allegations in Paragraph 30.

31. Defendants deny the allegations in Paragraph 31.

32. Defendants deny the allegations in Paragraph 32.

33. Defendants deny the allegations in Paragraph 33.

34. Defendants deny the allegations in Paragraph 34.

35. Defendants deny the allegations in Paragraph 35.

36. Defendants deny the allegations in Paragraph 36.

37. Defendants deny the allegations in Paragraph 37.

38. Defendants deny the allegations in Paragraph 38.

39. Defendants deny the allegations in Paragraph 39.

40. Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 40.

41. Defendants admit that Plaintiff purports to quote Dr. Ogur, but deny any allegations of wrongdoing in Paragraph 41.

42. Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 42.

43. Defendants deny the allegations in Paragraph 43.

44. Defendants deny the allegations in Paragraph 44.

45. Defendants deny the allegations in Paragraph 45.

46. Defendants deny the allegations in Paragraph 46.

47. Defendants deny the allegations in Paragraph 47.

48. Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 48.

49. Defendants admit that Dr. Ogur wrote a letter on or about April 27, 2025, which speaks for itself; Defendants otherwise deny the allegations in Paragraph 49.

50. Defendants admit that Dr. Ogur wrote a letter on or about April 27, 2025, which speaks for itself; Defendants otherwise deny the allegations in Paragraph 50.

51. Defendants admit that Dr. Ogur wrote a letter on or about April 27, 2025, which speaks for itself; Defendants otherwise deny the allegations in Paragraph 51.

52. Defendants admit that Dr. Ogur wrote a letter on or about April 27, 2025, which speaks for itself; Defendants otherwise deny the allegations in Paragraph 52.

53. Defendants deny the allegations in Paragraph 53.

54. Defendants deny the allegations in Paragraph 54.

55. Defendants admit that Plaintiff purports to have a "Westchester Medical Team," except deny any allegations of wrongdoing in Paragraph 55.

56. Defendants deny the allegations in Paragraph 56.

57. Defendants deny the allegations in Paragraph 57.

58. Defendants deny the allegations in Paragraph 58.

59. Defendants deny the allegations in Paragraph 59.

60. Defendants deny the allegations in Paragraph 60.

61. Defendants deny the allegations in Paragraph 61.

62. Defendants deny the allegations in Paragraph 62.

63. Defendants deny the allegations in Paragraph 63.

64. Defendants deny the allegations in Paragraph 64.

65. Defendants deny the allegations in Paragraph 65.

66. Defendants admit that Plaintiff was seen at a medical emergency department and admitted on or about March 8-11, 2026, but deny any allegations of wrongdoing in Paragraph 66.

67. Defendants deny the allegations in Paragraph 67.

68. Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 68.

69. Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 69.

70. Defendants deny the allegations in Paragraph 70.

71. Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 71.

72. Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 72.

73. Defendants deny the allegations in Paragraph 73.

74. Defendants deny the allegations in Paragraph 74.

75. Defendants deny the allegations in Paragraph 75.

76. Defendants deny the allegations in Paragraph 76.

77. Defendants deny the allegations in Paragraph 77.

**CAUSE OF ACTION**

78. As to Paragraph 78, Defendants repeat and reallege each and every response to the allegations in Paragraphs 1 through 77 as though fully set forth herein.

79. Paragraph 79 states a conclusion of law to which no response is required.

80. Defendants deny the allegations in Paragraph 80.

81. Defendants deny the allegations in Paragraph 81.

82. Defendants deny the allegations in Paragraph 82.

**CONCLUSION**

No response is required to the Conclusion section of the Complaint, as it sets forth a prayer for relief. To the extent a response is necessary, Defendants deny any allegations that may be contained in this section of the Complaint, and deny that Plaintiff is entitled to any further relief.

**DEFENSES**

**AS AND FOR A FIRST DEFENSE**

The Complaint fails to state a claim for which relief can be granted.

**AS AND FOR A SECOND DEFENSE**

Plaintiff may have failed to exhaust available administrative remedies as required by law.

**AS AND FOR A THIRD DEFENSE**

Plaintiff's claims may be barred in whole or part by the applicable statute of limitations.

**AS AND FOR A FOURTH DEFENSE**

Plaintiff failed to mitigate any damages.

**AS AND FOR A FIFTH DEFENSE**

Any injuries or damages alleged were caused, in whole or in part, by Plaintiff's own culpable conduct, or that of third parties, and not by any act of Defendant.

**AS AND FOR A SIXTH DEFENSE**

Defendants at no time acted willfully or maliciously in disregard of Plaintiff's constitutional rights, and Plaintiff is therefore not entitled to punitive damages or other relief.

**AS AND FOR AN SEVENTH DEFENSE**

Defendants are entitled to qualified immunity.

**AS AND FOR AN EIGHTH DEFENSE**

Plaintiff's claims are barred by the doctrines of waiver, laches, and/or estoppel.

**AS AND FOR AN NINTH DEFENSE**

Defendants are not personally responsible for, or involved in, any acts of commission or omission alleged by Plaintiff, and cannot be held responsible for any agents, servants, employees, or co-workers.

**AS AND FOR AN TENTH DEFENSE**

The alleged conduct of Defendants was properly within the discretionary authority committed to Defendants to perform in their official function and the relief prayed for would constitute an improper intrusion into said discretionary authority.

**AS AND FOR AN ELEVENTH DEFENSE**

Some or all of Plaintiff's claims may have been released or resolved, in whole or part, in other litigation or by agreement.

**JURY DEMAND**

Defendants demand a jury trial.

**WHEREFORE**, Defendants respectfully request that this Court dismiss Plaintiff's claim and grant such further relief as the Court deems just and proper.

Dated: August 28, 2026

LETITIA JAMES
Attorney General
State of New York

*Attorney for Defendants*

By: */s/ Daniel S. Kirschbaum*

Daniel S. Kirschbaum
Assistant Attorney General
28 Liberty Street, 18th Floor
New York, New York 10005
(212) 416-8244
Daniel.Kirschbaum@ag.ny.gov